Our next case up this morning is 413-1079-1082, International Union of Operating Engineers v. Office of the Comptroller. For the appellant is Michael O'Hara, you are he, sir? And Paul Resett? Correct. Did I pronounce that correctly? Yes. Okay, Mr. O'Hara, you may proceed. Good morning. May it please the court. Counsel. Counsel, my name is Michael O'Hara. I'm the senior partner of Cavanaugh and O'Hara 407 East Adams here in Springfield. I'm an attorney licensed to practice law in the state of Illinois. I represent Operating Engineers Local 965. I would indicate to the court that that is a not-for-profit organization, and that factor is one of the frustrating indicia in this particular case. And let me indicate why. I believe, indeed, that this is a case that did not need to be here before the Fourth District Appellate Court. And I would indicate such because I believe that the Illinois Supreme Court in the Commonwealth Edison case directed courts and administrative bodies as to the proper methodology to apply statutory amendments with respect to their effective and applicability dates. Now, I would indicate to the courts and to the justices here that if they examine my original petition that was filed in May of 2013 seeking to compel arbitration, that I was not being coy about the manner in which I was approaching this issue, nor the issues that were raised. I specifically cited in the petition itself the Landgraf case, the 1994 United States Supreme Court decision, upon which the Illinois Supreme Court, in its analysis, adopting that analysis, set forth in the Landgraf decision, and I specifically cited that. And I also cited the University of Illinois Trustees case decided by the Illinois Labor Relations Board in its decision in 2004 applying both the Landgraf analysis and citing the Commonwealth Edison case. Those cases... Excuse me, counsel, so we understand your frustration, but would you agree that at this point, considering the briefs, that everyone agrees that this is prospective, that it applies in that manner, and then the issue is how do we define that? Your Honor, I would agree with that, but I would indicate that I was concerned about whether, in fact, that's where we are. Because I would... Up until the brief that was filed by the Attorney General on behalf of the Comptroller in this court, no one has ever conceded that fact. This is the first time that that's been conceded. So if, indeed, that's the analysis, and we all agree that it should, in fact, be defined prospectively, and the definition of prospective is the issue, I'm prepared to address that. Let me indicate that, in light of that observation, that there isn't any doubt that applying the amendment that was passed by the legislature in Public Act 97-1193 has a retroactive effect if it is applied prior to the expiration of these existing collective bargaining agreements. Indeed, the Landgraf decision, the United States Supreme Court case, in deciding the correct analysis, specifically states that the largest category of cases in which we have applied the presumption against statutory retroactivity has involved new provisions affecting contractual or property rights, matters in which predictability and stability are of prime importance. Counsel, you have a matter before this court involving the same issue on administrative review of the State Labor Relations Board. Do you know? I do. Why are we here? Well, there's two reasons, Your Honor. One, I was hopeful that we could address this by means of a declaratory judgment action and go directly to arbitration. And I mentioned in my prefatory remarks about my client being a not-for-profit organization. That would be the swiftest, easiest way. Both the Landgraf decision and the Commonwealth Edison, the Illinois Supreme Court, indicates the decision of whether a statute, and when it takes effect, is a purely legal issue and, indeed, that a circuit court or an appellate court is the proper form in which to decide that issue. Indeed, 735 Illinois Compile... If the trial court decided in the exercise of its discretion not to address this matter and let it go to the State Labor Board for its analysis and its expertise about this matter in the first instance, why is that unreasonable? Why should we reverse the trial court's action for doing so? Well, I predicted that the Illinois Labor Relations Board would be unable to assess the legal issue, the purely legal issue that was involved, and I believe my prediction is accurate. I would indicate, and I don't know if the court has read the decision that was issued by the Illinois Labor Relations Board, but indicated that the issue is only whether this is prospective and decided that they didn't have to consider the Landgraf decision or the Commonwealth Edison decision or its own precedent in University of Trustees. They just ignored the issue completely. And let me indicate, Your Honor, there was some distortion of the union's due process rights in that particular case that were particularly egregious. You mean before the board? Yes. Why do we want to hear that now, even if it's true? I don't. Why are you mentioning it to us? Because you brought up whether it should go to the board. All we ask you is this is a matter... In other words, if we affirm the trial court's decision not to hear this case, this court is going to be called upon in months, less, to resolve whether the board got it right. That's correct. Is that correct? That's correct, Your Honor. But I believe that in light of the purely legal issue that was involved in determining the applicability of a statutory amendment in conjunction with the broad and the broadest deference to arbitration, which both the federal and the state courts have, that the appropriate vehicle by which to have this matter adjudicated, and the cheapest for my non-for-profit organization, was to take it to the circuit court to make a purely judicial, purely legal issue and then have an arbitrator decide the contractual violations. That may have been a reasonable course, looking back on it. But prospectively, what happens from this point forward, let's say that we agreed with your suggestion that the trial court should have taken up the matter. Let's say we do remand to the trial court. This court will be addressing the very issue that you're seeking to have the trial court address in a matter of months, maybe in December, I think, is when you're slotted for oral argument. What's to happen at the trial court level if there were to be a remand, and does it really advance your client's position? Well, I was hoping to facilitate getting to arbitration. Let me indicate with respect to the Illinois Labor Relations Board, I believe there's a strong argument that the board should not have assumed jurisdiction over this matter with a unit clarification petition. And let me indicate why. A unit clarification petition is supposedly only appropriate in three circumstances. This court expanded that with respect to the issue of confidential employees and a bargaining unit and when that particular petition could be brought. But in this instance, the comptroller filed it on the basis that there was a change in statute, which there was. But the second prong of that indicates that the bargaining rights of the employees would be affected. Now, if the purely legal issue is assessed, pursuant to the Landreth and the Commonwealth Edison directives, as the Illinois Supreme Court intended, then, in fact, those bargaining rights are not affected and there's no need for a unit clarification petition at all. Indeed, they're either in or they're out. In other words, the unit clarification is generally and usually applying a statutory provision to factual matters, whether it's the duties of the employee, if they're excluded because of being supervisors, or if they're excluded because they're managers, or because they're confidential employees, or there's a unit that combines both professional and non-professional employees. That's what a unit clarification is intended to do. Here, there isn't any need because the legal issue itself, when resolved pursuant to the directives of the Illinois Supreme Court, decides the issue. If the board decided the legal issue appropriately, there isn't any need for a unit clarification. Indeed, they don't have jurisdiction over the matter pursuant to a unit clarification petition. This court's review of the board's decision, you filed your brief in that other case. Have you argued is it a de novo review? Absolutely, Your Honor. Has the comptroller in its brief? They asked for a delay. I didn't mean to interrupt you. No. Have they filed their brief? No. Okay. No, they asked for an extension until November. If it's de novo review, then is your client any worse off having the legal review here in this court in that case? That's the problem, Your Honor. The question is, what's the appropriate form to decide this issue? Again, I will emphasize that I have not changed my position, nor have I cited new case law. I had it in my original petition files, indicating it's a purely legal issue. And it's only one issue that the court was asking to decide, not something about having to do with the Illinois Labor Relations Act, but literally just the effective and applicability date of a statutory amendment. It doesn't go with the substance of the act. It's a purely legal issue. As the Land Rift and the Commonwealth Edison, and even the precedents set by the Illinois Labor Relations Board in the University of Trustees case indicated. And I thought that would be the most facile, to have a court decide a purely legal issue, and then submit it to arbitration if I was wrong. And I've indicated throughout this proceeding in every forum, if I am wrong, if the union has a distorted perspective of what the Illinois Supreme Court intended, then just indicate such, and explain why. But when I went to law school, with all due respect, when you have a United States Supreme Court decision, and then an Illinois Supreme Court decision that says, this is an area that's muddled, it's not simplistic as the Illinois Labor Relations Board, as you will see, indicated, we don't have to look at those cases. But it's a complex area. There's competing equal opposites. One is that you apply the law that exists at the time that the court reviews the issue. And the other one is retroactivity, and whether it's fair, it's proper, to apply things retroactively. And I haven't changed my perspective. And I decided that the best possible way for my client, the cheapest possible way, the most direct route, was to have a declaratory judgment on the purely legal issue, and then have the court issue the summary decision to have an arbitrator decide the contractual violations alleged. And I think that's reasonable. And again, when there's doubt about the administrative bodies even having jurisdiction over it in light of the legal issue that has to be decided, I think that's the appropriate methodology under which to follow. Indeed, if I am correct about the analysis, and that in fact the Landriff and indeed the Commonwealth Edison case and the precedent of the Illinois Labor Relations Board is the analysis to use, I believe that you'll find that the Illinois Labor Relations Board not only missed the boat, but shouldn't have been on the ship at all. Counsel, you're asking us to reverse the trial, correct? Yes. To do what? I would ask that the court make a ruling as to the applicability of the Landriff and the Commonwealth Edison, and remand it back to the circuit court indicating to make a ruling. The trial court declined to address the declaratory judgment, didn't it? It declined. It promised upon the fact that it believed that the primary jurisdiction, the exclusive jurisdiction, was with the Illinois Labor Relations Board, and I believe that that was fallacious. I think it's false. I think it's a premise upon which... Counsel, you're not answering my question. I'm sorry. My question is... I apologize. We would remand it back to the trial court to address the declaratory judgment. Right. Why should we do that when the issue that you're raising, you'd be raising back before the trial court, whenever those months from now would come up, is going to be before this court, the exact same issue within a matter of months where we don't need, since it's an old review, trial court's assessment. They're not going to be taking witnesses or hearing evidence in this. Why are we here? Why should we reverse the trial court, remand it with directions, go back and do the same? It's a good question, Your Honor, and let me indicate. Again, I would emphasize that my client is a not-for-profit organization. That's the fourth time, Counsel. I'm a little old and slow, but I don't think I'm that old and slow, and I don't understand how that helps the analysis. Well, I don't think you're slow, Your Honor. How about I answer your question? Okay. When, in fact, a judicial body is asked to make a purely judicial, purely legal issue on a declaratory judgment action that has nothing to do with administrative law in order to facilitate litigation and save a client money, I think that's the appropriate avenue, and in this particular case, unfortunately, that didn't occur. The court decided to duck the issue and send it back to an administrative body that it believed had primary or sole exclusive jurisdiction, which I believe is false, and I believe if this court desires to preserve judicial resources and a court to exercise review of a judicial, purely legal issue, and I would indicate that the Commonwealth Edison case and the supplemental decision that I cited, the white case that was cited in August 28, 2014, indicates that it's a purely legal issue, that the circuit court, or this appellate court, is the appropriate forum to make that judicial, purely legal issue. If courts are not there to decide purely legal issues that have nothing to do with arcane knowledge about administrative law, that's only a purely legal issue, that's how to facilitate. You take it to a declaratory judgment action and ask the circuit court, pursuant to 701 of the Civil Practice Act, to do such. Are you saying that every circuit court is required to answer every request for declaratory judgment? Absolutely not. But in this instance, there was an arbitration request, and the narrowness of the arbitration, arbitration is very broad. If the court finds that there's a collective bargaining agreement or that's it, they don't get into the agreement. It's a very broad, it's a summary process. That's why I brought it in the manner in which I did, because if the purely legal issue is decided in my favor, then the easy issue is whether to compel arbitration. It's automatic, almost automatic. Mr. O'Hare, on page 12 and 13 of the Attorney General's brief, the Attorney General criticizes your brief on the grounds that it's unnecessarily complex, violates the rules of block quotes, long footnotes, and also criticizes your brief with regard to its troubling tone. Is the Attorney General correct? Yes. I was frustrated, Your Honor, and let me indicate. Your repentance in your reply brief is a little difficult to find. Pardon me? Your explanation in your reply brief that the Attorney General is correct and you're sorry about the tone and the violation in your original brief is absent. Well, okay, but let me indicate, Your Honor, if I could. Go ahead. I spent nine months negotiating this collective bargaining agreement for my client. Nine months, and very difficult. And as you know, Your Honor, negotiating contracts, especially for labor organizations, is not for Boy Scouts. The National Labor Relations Board says it becomes heated, and in the public sector it is just as troubling. And nine months of spending my client's monies, and then on the day after they made their concessions and signed the contract, we all of a sudden get this legislation that guts 90% of one bargaining unit and 85% of the other bargaining unit, and completely throws out all the work that we did. Now, let me indicate, Your Honor, not only did that happen, but the comptroller didn't wait to find out whether it was appropriately interpreting this. They cut off all dues. Well, counsel, your time is up. Let me just mention that I appreciate the fact, as counsel for these folks, you have a strong passion to defend their interests. I do. I think that can be commendable in this instance. I'm just wondering if you've exceeded that bounds, because this court deals with hundreds of appeals every year, and the rules that the Supreme Court has set forth are really rules that ought to be abided by. Assuming and giving you full credence for the explanation you just provided, it's still a violation of the rules. Well, I apologize if I did, and I'm apologizing to counsel if I did. Okay. Thank you, Your Honor. Mr. Resett? Good morning, Your Honors. May it please the Court. My name is Paul Resett. I'm an assistant attorney general for the state of Illinois, and I represent the comptroller's office in these consolidated appeals. The issue before this court today is actually very narrow. It's whether the board, the labor board, or the circuit court should decide the effective date of the amended Section 3N of the Act. The comptroller, the board, and the circuit court all agree that the board should decide this issue in the context of a unit clarification proceeding. Yet the union insists that the circuit court should decide it, a position that the circuit court itself disagreed with. Because the circuit court held that the board should decide this issue, it did not reach the issue regarding the effective date of the amendment, the merits of the case here. Accordingly, the only issue- Mr. Resett, do you agree with the opposing counsel that the court seemed to be of the opinion that it was not allowed, that it was required to allow the board to resolve this decision? Well, the comptroller's office had argued that the union needed to exhaust its administrative remedies first, and that's the basis that the circuit court dismissed the petitions on. But it also, it agreed that in the context of a unit clarification petition, the board could first decide the issue of the effective date of the amendment, and then whether exclusion was appropriate under the plain language of the amendment. Under the Declaratory Judgment Act, well, let me back up. This matter was brought as a declaratory judgment? Initially, it was brought as a petition to compel arbitration, and then the circuit court dismissed that and asked them to refile to make it more explicit that they were also seeking a declaratory judgment. Under the Declaratory Judgment Act, does the trial court possess the discretion to conclude that this would not be an appropriate vehicle? It does, although that was not the reason that it gave, but it does have discretion. Were you trial counsel? No, it was Terry Corrigan from our Springfield office. I just note kind of an unusual procedural posture here, because Comptroller filed a 2615 motion to dismiss, which the trial court granted, and at the same hearing allowed the union leave to amend, and then set a briefing schedule, and then the parties submitted briefs, but there was no pending motion. The lawyers that drafted these briefs, what were they briefing? What was the issue? Well, the primary issue was whether the labor board or the circuit court should decide, because once that issue is decided, it could end the matter in the circuit court, which is what it did here. Well, doesn't a motion frame the issue that's to be briefed, and there was no motion on file? Correct. I mean, the court, in the statement of facts, I point out that in their statement of facts, they say that the court made certain oral announcements, but there is no bystander's report or reported proceedings, but apparently the court ordered that briefs be filed. I mean, technically, there was no motion to dismiss on file. Right. Was this a sua sponte dismissal by the court? Well, there was an initial motion to dismiss, I believe, and I think that the same arguments were reiterated, but just in the context of a brief as opposed to calling it a motion per se. But for the fact that there was a possible review of this issue by the state labor relations board, there would be no reason why the trial court couldn't handle this matter under the declaratory judgment. Isn't that right? Well, if we weren't arguing that they needed to exhaust their administrative remedies, and mind you, we had filed a unit clarification petition before these actions were filed in the circuit court, and there are cases that say that you can't use a declaratory judgment action as a way to get around an administrative agency deciding an issue. Sometimes people do bring a writ of prohibition, but that didn't occur here. Well, but for the existence of the state labor relations board, a declaratory judgment complaint stated the cause of action, didn't it? I mean, generally circuit courts do decide the effective dates. Counsel, that's not the question. I'm sorry. I mean, I can't— Leaving aside the existence of a possible administrative review, having the state labor relations board address this issue about the effect of the statute, didn't the union's complaint state the cause of action for declaratory judgment? Yes, they asked the circuit court to decide the effective date of the amendment. The reason I'm putting it that way is the trial court wasn't well served here by the attorney general's office because the motion to dismiss was the wrong one. It wasn't a 2615 motion. It should have been a 2619 motion. As this court has, over the last several years, tried to repeatedly address, this wasn't a so what motion, namely so what you haven't stated a cause of action. This was a yes but motion to dismiss of the 2619 in which the attorney general is asserting affirmative matter. Namely, yes, you've asserted we will pursue for purposes of this motion a cause of action, but this case should be dismissed because the state labor relations board should hear. Isn't that correct? Yes. I mean, obviously we apologize, and I'll be sure to remind our trial attorney— It's troubling to see your office not carefully complying. It's not that complicated. The so what motions to dismiss on the 2615 and the yes but motions to dismiss on the 2619, which as we've seen in lots of cases in the last few years alone, needs to be strictly adhered to or it will render lots of confusion at the trial court level and possibly on appeal as well. Since Justice Harrison pointed out one other procedural problem, the strange business about court ordering briefing when the case has been dismissed, I thought this would be another issue which might be addressed. And I'll pass it on to your honor. Thank you. So really the only issue before this court is who should decide the issue, the circuit court or the board. The merits themselves, although the unit has spent a lot of time in their briefing here today, talking about are not properly before the court. If you disagree with what the circuit court did, the proper procedure would be to remand and let the circuit court decide as an initial matter whether the effective date of the amendment. However, as you pointed out, that issue is soon to be in front of this court as part of the direct administrative review of the board's decision. The reason I asked about the standard of review is it seems to me that if I'm the trial judge, and I once upon a time was, and I'm confronted with all this, I might be of a mind to say I don't really want to address this in a declaratory judgment fashion. I think let's have the board do it. I just don't think it's right for me now. And I think that's addressed at my sound discretion, isn't it? Right. I do think if we had not argued that they were required to exhaust administrative remedies, that it would be an abuse of discretion review. But there are cases, and I cited some in my brief, that say when something's dismissed for exhaustion, for failure to exhaust, that that is a de novo review. Well, you indicate de novo review is the standard here, and I'm just troubled because the very act says the court could. Right. But in most of those cases, there wouldn't be an argument that they're required to exhaust. I mean, you could have a declaratory judgment action that has nothing to do with administrative law. And so in a clean case like that, I mean, we obviously would have no problem with you applying a discretionary standard of review because it's even more favorable to us. But, you know, we're content with de novo because we did argue failure to exhaust before the board. On the subject of standard of review, are you counsel in the other appeal? Yes, I am. All right. So you're familiar with the issues there. Correct. The merits are basically the same, the effective date of the act, of the amendment to the act. Not asking you to permit, but is it probable that the standard of review for the appellate court will be de novo? It is. It is. It's a statutory construction of the act. In courts, you give some deference to an agency's interpretation of its own act, although it's still de novo. And you're free to disagree with that. So the reason that the controller went to the board is because unit clarification proceedings are one of the central functions of the board. Unions and employers often file petitions seeking to add or exclude positions from units. And the board's regulations specifically allow such a petition when there is a change in the law, a significant change in the law that affects the bargaining rights of employees. And here, there certainly was a significant change in the law. These people, the PSAs, public service administrators, were considered to be public employees for purposes of the act up to April 5, 2013. And then as of that date, going forward, they were no longer considered to be public employees. That was a determination made by the legislature. So the beef is really with the General Assembly, not with the Comptroller's Office. The Comptroller's Office wasn't free to disregard that clear pronouncement in the amended Section 3N. Now you're arguing the merits for us? Well, I wish to extend to explain why the board Is it the issue whether we should send it back to the trial court for its determination on the merits? Right. That's the sole issue. Just trying to give some context, because we do acknowledge that in most cases, the circuit court can decide whether something is And it could have in this one, right? The effective date? The circuit court could have in this one. It could have, except we argued that in light of the novel argument that the union was making, that the legislature must have intended for the effective date to be delayed until all the existing That doesn't answer Justice Holder-White's question. It could have. Well, if it disagreed with our argument that they were required to exhaust administrative remedies, it could have gone on to decide yes. Clearly they're entitled to pursue this as declaratory judgment action. Do you disagree with that? I think that when there's an agency that's charged with interpreting and enforcing its law, that's the place that you start. And what they want you to order would require a bifurcation of proceedings because the circuit My question was, could the trial court? I didn't say, was the trial court required to? Right. My question is, could the trial court have addressed it? In general, the trial court can. However, if we are correct, and we believe that we are, that they were required to exhaust administrative remedies, then it couldn't. Because the proper thing would be to go to the board and then come up on direct administrative review to this court. And then this court is still deciding, as a de novo matter, the effective date of the act, but it would not be involved in the circuit court. Generally, the circuit court isn't involved in public labor relations act matters. They go to the board and then come up. And they don't even go on administrative review to the circuit court. They come directly to the appellate court. This is an utterly legal question. A question of law. It is. It is. But it's an interpretation of the act. And agencies frequently interpret their own statutes. And then this court has a final say on whether that interpretation is correct or not. So technically, the correct thing to do is, if you agree with us, you affirm. If you disagree with us about whether the circuit court or the board should decide this, you send it back to the circuit court, which would mean it would be down there for some time, come back up again, depending on if the losing party chooses to appeal again. Or I suppose you could stay this decision until you decide the direct administrative review of the labor board decision. But you're definitely going to be deciding the issue in the context of that action. Mr. O'Hara said your brief has been delayed for a month. We took a 135-day extension after he took a much longer extension. So, yes, we did seek one extension, but it wasn't for dilatory purposes. So when do you think you're going to be arguing with this? Well, our brief is due November 18th, and we're hoping to meet that date. Also, his argument that we've changed our position is not true. In the circuit court, we did concede that this was a substantive change and that it could only be applied prospectively. We disagree about what prospective means. Of course, none of that makes any difference to the issue before this court. That's correct. But, I mean, so much of the brief and argument have been devoted to that that we thought we should say something. But in the context of that direct administrative review, we're going to be exhaustively addressing those issues. Unless the court has further questions, we would ask that you affirm. Thank you. Thank you, counsel. Mr. O'Hara, sir? Your Honor, I wonder if I could be frank. Frank is always good. I filed this so as to preserve judicial resources, not waste them. And the attorney general came in with a 2615 trying to persuade the circuit court that it did not have discretion, that it was required to make the decision. In fact, looking at the record, you'll see that I specifically and unequivocally objected to it being labeled as a 2615 motion. And I believe that, indeed, this is the type of case in which this court should have the circuit court exercise its discretion with respect to a declaratory judgment action. When, in fact, a court, whether appellate or circuit, is confronted with a purely legal issue that does not involve the arcane knowledge needed for interpretation of administrative law, that it only has to do with the effective and applicability date of a statutory amendment, and that the Illinois Supreme Court has already indicated the legal methodology by which to assess those, that, indeed, judicial resources should have a court exercise its power for the exercise of that judicial decision, deciding a purely legal issue at that stage, instead of having an administrative body issue a decision which it may not have primary jurisdiction or any jurisdiction decide. And I raised that issue. Now, one other thing that I would like to emphasize, when the Attorney General gets up here and says they haven't changed their position, that is absolutely incorrect. Part of my frustration, Your Honor. I was saddled with every possible argument that I could have possibly been saddled with, including accusations that I was attempting to have an arbitrator decide a statutory provision, have an arbitrator decide the makeup of a bargaining unit, indicating that it's only prospective and I was prospective plus, that, in fact, the Illinois Labor Relations Board has exclusive jurisdiction, that I was in the wrong forum. I was accused of every possible and every barrier that you could have. And it was a simplistic case. And I will remind the justices that if you examine my original petition, I haven't changed my position. In fact, I set it forth in the petition, in a lengthy petition, probably too long, but I cited the Landrick decision, the Commonwealth Edison decision, and also the Illinois Labor Relations decision in the University of Illinois case, so that there was no doubt about the position I was taking. I haven't changed at all. And up until today, in fact, the Illinois Labor Relations Board, he attached their decision to it. They ignored those decisions. They refused to look at them. And I find that a waste of time. I believe that a court confronted with the Illinois Supreme Court decision and a United States Supreme Court decision is the body to make that decision. That's why I brought it. I did the research before I brought the petition, not afterwards. Thank you, Your Honor. Thank you, counsel. We'll take this down to an advisement.